UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:23-cr-122-TPB-AAS

BASILIO JIM DIAZ,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT'S RENEWED
MOTION FOR JUDGMENT OF ACQUITTAL"**

This matter is before the Court on "Defendant's Renewed Motion for Judgment of Acquittal," filed by counsel on January 23, 2024. (Doc. 83). On February 6, 2024, the United States of America filed a response in opposition. (Doc. 84). Upon review of the motion, response, court file, and the record, the Court finds as follows:

**Background**

Defendant Basilio Jim Diaz was charged by indictment with destruction of evidence (Count One) and knowingly accessing with intent to view child pornography (Count Two). (Doc. 1). On January 10, 2024, a jury returned a verdict of guilty on both counts. At trial, the Court denied without prejudice Defendant's oral motion for judgment of acquittal but provided leave for counsel to file a written motion with legal argument. (Docs. 70; 71).

On January 23, 2024, Defendant filed his renewed motion for judgment of acquittal, arguing that there was insufficient evidence presented at trial as Counts One and Two. Defendant also raised a constitutional challenge to Count One.

## Legal Standard

Under Federal Rule of Criminal Procedure 29, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).  The court may reserve ruling, and after a jury verdict, the defendant may renew his motion.  Fed. R. Crim. P. 29(c).

When deciding a Rule 29 motion, a district court must "determine whether, viewing all evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Grisby*, 111 F.3d 806, 833 (11th Cir. 1997) (quoting *United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987)).  For a defendant to successfully challenge a jury's guilty verdict based on insufficiency of the evidence, it must be established that "no reasonable jury could have found [the defendant] guilty beyond a reasonable doubt on the evidence presented." *United States v. Ruiz*, 253 F.3d 634, 639 (11th Cir. 2001).

## Analysis

### *Insufficiency of the Evidence*

The Court has considered the arguments and again concludes that Defendant is not entitled to judgment of acquittal on either count.

Count One

To prove Defendant guilty of destruction of evidence in Count One, the Government must establish beyond a reasonable doubt that: (1) Defendant knowingly altered, destroyed, or mutilated records or tangible objects; (2) Defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of a matter; and (3) the matter was within the jurisdiction of the Federal Bureau of Investigation ("FBI"), which is an agency of the United States. *See* 18 U.S.C. § 1519.  To prove Count One, the United States presented three theories: (1) Defendant reinstalled Windows on his HP all-in-one computer; (2) Defendant reset his cell phone to factory settings; and (3) Defendant physically destroyed an external Seagate hard drive.

First, Defendant argues that neither the act of reinstalling a computer operating system nor resetting a cell phone to factory settings constitute an alteration, destruction, or mutilation of a tangible object.[1]  Although § 1519 does not define the words "alter," "destroy," or "mutilate," the jury and the Court may consider the plain meaning of these words.  To alter, for instance, means "to make (a person or thing) otherwise or different in some respect" or "to modify."  *See alter (v.)*, OXFORD ENGLISH DICTIONARY (July 2023), https://www.oed.com/dictionary/alter_v (last accessed February 29, 2024).  The acts of "wiping" the cell phone and computer – which resulted in the removal of

---

[1] A "tangible object" is "one used to record or preserve information," including "computers, servers, and other media on which information is stored."  *Yates v. United States*, 574 U.S. 551, 536, 549 (2015).  As such, the computer, cell phone, and hard drive all constitute tangible objects.

information – provide a sufficient foundation for a jury to conclude that Defendant "altered" the cell phone and computer. *See, e.g.*, *United States v. Keith*, 440 F. App'x 503, 508 (7th Cir. 2011) (deleting and moving computer files sufficient to convict of destruction of evidence); *United States v. Kernell*, 742 F. Supp. 2d 904, 908 (E.D. Tenn. 2010) (deletion of downloaded images, uninstallation of web browser, and clearing of internet cache sufficient to convict of destruction of evidence); *United States v. Rappe*, No. 07 CR 530, 2008 WL 11417245, at *1-2 (N.D. Ill. Apr. 23, 2008) (defendant not entitled to dismissal of destruction of evidence charge where alleged conduct involved use of data-destroying software to "wipe clean" the contents of computer hard drives). Therefore, based on the evidence presented at trial, a reasonable jury could find that Defendant altered and destroyed tangible objects – the cell phone and computer – with the intent to impede or obstruct the FBI's investigation.

Second, considering the physically-destroyed Seagate external drive, Defendant argues there was only conjecture and speculation as to how and when it was destroyed. But the evidence at trial showed that Defendant remained inside his home for 45-50 minutes after the FBI arrived to execute a search warrant for evidence of child pornography. The external drive was located by the FBI in a bathroom garbage can with what appeared to be blood on it, and when Defendant was brought outside of his home, he had fresh blood on his hand and arm. Moreover, the FBI found a tool near the Seagate drive, with what appeared to be a speck of blood on it. In addition, the jury heard evidence of child pornography found in unallocated space on the computer and on a separate laptop, and that some of the

file paths to child pornography came from a Seagate hard drive.  There was also evidence that Defendant was the sole resident and occupant of the home. Based on this evidence, a reasonable jury could certainly find that Defendant destroyed the Seagate hard drive with the intent to obstruct the FBI's investigation because it contained evidence of contraband – child pornography.

Count Two

To prove Defendant guilty of knowingly accessing with intent to view child pornography, the Government must establish beyond a reasonable doubt that: (1) Defendant knowingly accessed with intent to view a matter containing a visual depiction; (2) the depiction had been shipped and transported using any means and facility of interstate or foreign commerce, or had been shipped and transported in and affecting interstate or foreign commerce; (3) producing the visual depiction involved using a minor engaged in sexually explicit conduct; (4) the depiction is of a minor engaged in sexually explicit conduct; and (5) Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.  *See* 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

First, Defendant argues that the United States did not present any competent and substantial evidence that Defendant was the person who knowingly accessed the files and that he did so with intent to view a matter containing a visual depiction of a minor engaged in sexually explicit conduct.  The evidence at trial showed that Defendant refused to come out of his home for 45-50 minutes when the FBI came to execute a search warrant, and while Defendant was inside, he was

destroying evidence.  This provides circumstantial evidence of consciousness of guilt – that Defendant had contraband on his devices that he wanted to get rid of before the FBI searched his home.  The FBI was able to locate child pornography in unallocated space on an HP laptop and HP all-in-one computer, which means the child pornography was once on the laptop and computer, or on a device that was connected to the laptop or computer, such as an external Seagate hard drive.[2]  Based on this evidence, it is reasonable for a jury to infer that Defendant utilized the Seagate external drive containing child pornography, along with his laptop computer to view child pornography.  Additionally, the FBI forensic analyst testified about several recently used or accessed files, and how the existence of those records showed that Defendant had connected the external drive into his laptop to view child pornography.

The Government presented other evidence showing that Defendant was the person who used these devices, including that he was the exclusive resident and occupant of the home, and usernames diazbasilio and basild10@yahoo.com were linked to his devices.  In addition, the Government introduced anatomical models found in Defendant's home, which depicted small, child-sized vaginal sections of a human body.

Although Defendant presented contrary expert evidence to challenge the Government's case, the expert's testimony does not mean that the Government's evidence is insufficient to sustain the verdict.  A "jury is free to choose between or among the reasonable conclusions to be drawn from the evidence at trial."  *United*

---

[2] Several file paths showed images that came from an external "Seagate Portable Drive."

*States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007) (quoting *United States v. Starrett*, 55 F.3d 1525, 1541 (11th Cir. 1995)). A reasonable jury could disagree with Defendant's theory. And based on the circumstantial evidence presented at trial, a reasonable jury could conclude that Defendant was the person who accessed child pornography with the intent to view it. *See United States v. Royle*, 86 F.4th 462, 479 (1st Cir. 2023) (affirming conviction after concluding that circumstantial evidence supported reasonable inference that the defendant accessed child pornography, including evidence that the defendant was the only adult living at residence, used the laptop, and attempted to wipe laptop).

Finally, there is no question the Government presented sufficient evidence at trial to establish that Defendant knew that at least one performer in the visual depiction was a minor, and he knew that the depiction showed the minor engaged in sexually explicit conduct. This is based on the content of the images and Defendant's stipulation that "imagery located on electronic devices following the search of [Defendant's] home involved: (1) the depiction of a minor engaged in sexually explicit conduct; and (2) a prepubescent minor or a minor who had not attained 12 years of age." (Doc. 74). In addition, the titles of the images constitute circumstantial evidence of what those images depict, including references to 8-year-olds, 7-year-olds, and babies. Given this evidence, and the reasonable inferences that could be drawn from the evidence, a reasonable jury could find beyond a reasonable doubt that the image obviously contained minors so that Defendant must have known as much.

*Constitutional Challenge*

Defendant presents a constitutional challenge to 18 U.S.C. § 1519, arguing that the statute is unconstitutionally vague because it does not provide fair notice that the actions of reinstalling Windows and resetting a phone to factory settings could be deemed a crime.[3] The Court finds that the statute is not "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *See Johnson v. United States*, 576 U.S. 591, 595 (2015) (citing *Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983)).

## Conclusion

Viewing all evidence in light most favorable to the Government, and drawing all reasonable inferences and credibility determinations in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt as to Counts One and Two. Moreover, 18 U.S.C. § 1519 is not unconstitutionally vague. Consequently, "Defendant's Renewed Motion for Judgment of Acquittal" (Doc. 83) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of February, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[3] Defendant never filed a motion for bill of particulars or asked for clarification regarding the charges.